[Cite as *State v. Brauchler*, 2024-Ohio-2994.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2024-CA-0001 |
| BARRY BRAUCHLER | : | |
| | : | |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of Common Pleas, Case No. 2020-CR-0814R

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     August 6, 2024

APPEARANCES:

For Plaintiff-Appellee

JODIE M. SCHUMACHER
Prosecuting Attorney
BY: MICHELLE FINK
Assistant Prosecutor
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant

RANDALL E. FRY
90 Darby Drive
Lexington, OH 44904

*Gwin, P.J.*

**{¶1}** Defendant-appellant Barry Brauchler ["Brauchler"] was found guilty of violating the terms of his Community Control. On appeal, Brauchler contends that the trial judge abused his discretion in finding that Brauchler committed five of the six violations of Community Control alleged by his probation officer.

**{¶2}** Because the state proved by a preponderance of the evidence that the violations of his community control were non-technical violations, we find the trial court did not abuse its discretion in sentencing Brauchler to eleven months incarceration for violation of community control.

*Facts and Procedural History*

**{¶3}** On December 16, 2020, Brauchler was indicted by the Richland County Grand Jury on one count of Aggravated Possession of drugs, methamphetamine, a felony of the fifth degree in violation of R.C. 2925.11(A) / (C)(1)(a).

**{¶4}** On March 12, 2021, Brauchler's bond was revoked.

**{¶5}** On September 9, 2021, Brauchler entered a guilty plea to the indictment. Sentencing was deferred pending completion of a pre-sentence investigation report.

**{¶6}** On October 26, 2021, the trial judge sentenced Brauchler to twelve months prison. The prison sentence was suspended, and he was placed on thirty months of Community Control. As one of the conditions of Community Control, Brauchler was to submit to random drug/alcohol testing to confirm abstinence and to stay out of high drug traffic areas. Brauchler was further ordered to complete a substance abuse and mental health assessment and to follow all treatment recommendations.

**{¶7}** On May 30, 2023, Brauchler pled guilty to violating the conditions of his Community Control by testing positive for THC and alcohol. [Docket Entry No. 26]. The trial judge imposed a fine of fifty dollars and court costs. Id.

**{¶8}** On August 14, 2023, the trial judge issued a Bench Warrant for probation violations. [Docket Entry No. 27]. A bond hearing was held on August 16, 2023, during which counsel was appointed to represent Brauchler. [Docket Entry No. 29]. On August 22, 2023, a Notice of Hearing on Probation Violations, setting forth six violations, was filed and served on Brauchler. [Docket Entry No. 30]. On September 13, 2023, Brauchler, with counsel appeared and was arraigned on the violations. [Docket Entry No. 41]. The matter was scheduled for a full hearing. Id.

**{¶9}** On December 1, 2023 a hearing was held on the Community Control Violations. The following evidence was presented during the hearing.

**{¶10}** Gabe Miller, a Richland County adult intensive supervision probation officer, testified that he became Brauchler's probation officer in June 2023. T. *Community Control Violation Hearing,* Dec. 1, 2023 at 19. [Hereinafter "T."] He testified that Brauchler was placed on Community Control October 26, 2021 for a term of thirty months. Id. at 10. The trial judge reserved a prison term of twelve months. T. at 11. The terms and conditions of Brauchler's Community Control, signed by him on October 26, 2021, were entered into evidence as State's Exhibit 1. Id. Miller met with Brauchler four to five times after June, 2023 and before he filed the violations.

**{¶11}** The first violation of the conditions of community control occurred on July 13, 2023 in which Brauchler tested positive for THC and alcohol. T. at 14-15; 17.

{¶12} The second violation was that Brauchler refused to comply with a drug screen on August 13, 2023. Id. at 15. Miller testified that while at Brauchler's home on that date, Brauchler was offered a drug screen numerous times; however, because Brauchler stated that he would not take the test, the officer did not retrieve the kit from the trunk of his car. Id. at 28.

{¶13} The third violation also occurred on August 13, 2023. T. at 15. Miller testified that when he arrived at the home, Brauchler's pupils were dilated and he was sweating profusely. Id. at 20. Miller was with Brauchler at the home for nearly three hours. Id. at 21. During that time, Miller discussed possible treatment alternatives with Brauchler; however, Brauchler indicated that he would not take part in treatment. Id. Miller further offered to take Brauchler to the hospital because Miller was concerned Brauchler might harm himself. Id. Miller testified that Brauchler told him "I needed to get ahold of additional officers to assist with whichever route we would take." Id. at 23. Miller further testified to prior instances when officers required the use of force to take Brauchler into custody. Id. at 23-24.

{¶14} Miller called deputies from Morrow County to assist in the arrest of Brauchler. Id. at 23-25; 32. Miller testified that when he told Brauchler that he was under arrest, Brauchler refused to stand up. Miller testified that he took ahold of Brauchler's left arm and another officer took ahold of his right arm and together they stood Brauchler up. T. at 25. At that point, Brauchler "tucked his arm" from Miller making it harder to get Brauchler's arm behind his back. Id. at 25.

{¶15} The fourth violation occurred at the Richland County Jail. T. at 34; 37. Miller asked Brauchler if he would submit to a drug screen. Id. at 34. After Miller handed him

the sample cup, Miller heard Brauchler push the button on the water fountain in the cell. Id. As Miller adjusted his view, he was able to see Brauchler pulling the cup away from the sink. Id. As Miller took the cup from Brauchler, Miller noticed the liquid inside was very clear and cold to the touch.

{¶16} The fifth community control violation occurred when Brauchler refused to cooperate with the booking process at the Richland County Jail. Brauchler was taken to the jail on August 13, 2023; however, they were unable to book him until August 17, 2023 because Brauchler refused to comply. T. at 34-35; 38-40.

{¶17} The sixth community control violation alleged a failure to pay fines and costs. The trial judge found Brauchler not guilty because the evidence showed that he has made efforts to pay. T. at 66.

{¶18} Brauchler testified that he has been under supervision for nearly two years. He admitted that he previously was violated for failing to comply with the community control conditions. T. at 42. Brauchler testified that although he does not know it for a fact, he did not test positive for drugs on July 13, 2023. Id. at 43. Brauchler admitted that he had no evidence to submit that he did not have THC or alcohol in his system; however, he was never shown a positive test result. Id. He further claims that Miller never offered him a drug screen on August 13, 2023. Id. at 44-45. He testified that he did ask Miller what kind of gun he carried. Id. at 45. He admitted that he was being a "smart ass" to Miller. Id. Brauchler testified that Miller told him that he was concerned and going to take Brauchler to see a doctor. Id. at 46. Brauchler testified that he did not understand why Miller was so "persistent in asking him stupid questions." Id.

{¶19} Brauchler testified that Miller never told him he was under arrest. T. at 46. He admitted the deputies from Morrow County told him that they had to take him in, so he walked to the car and got in the car. Id. at 48. Brauchler claimed that he was cooperative while at the Richland County Jail. Id. at 49-50. He claimed they did not book him in for three days through no fault of his. Id. at 50-51.

{¶20} Deputy Ebert of the Morrow County Sherriff's office testified that he did not think Brauchler was resisting arrest, but he did not want to get into the car. T. at 56. Deputy Winkler testified that Brauchler did not attempt to run away; however, he did pull away one time. T. at 58.

{¶21} Brauchler's mother testified that on August 13, 2023, Brauchler "was a little off" that day. T. at 61. He was acting a little agitated. Id. She testified that Brauchler suffers from bipolar disorder, anxiety, post-traumatic stress disorder, and depression, for which he is on medication. Id. at 62-63. She testified that Miller was attempting to get Brauchler some help from the hospital. Id. at 62. She was not present when Brauchler was arrested. Id. at 63.

{¶22} The prosecutor noted in his argument to the judge that Brauchler has had seven positive drug screens since the inception of this case in December 2020. T. at 73. He further noted that Brauchler has refused to take part in treatment dating back to 2004. Id.

{¶23} At the conclusion of the evidence, the trial judge found that the state had proven probation violation one that occurred on July 13, 2023 when Brauchler tested positive for THC and alcohol. T. at 65. The trial judge found Brauchler guilty of probation violation two for failure to complete a drug screen on August 13, 2023. Concerning

probation violation three, the trial judge found that although not resisting arrest, Brauchler did not comply with his probation officer when he pulled away while being handcuffed on August 13, 2023. The trial judge found Brauchler guilty of probation violation four when he put water into the drug specimen cup while in jail, and probation violation five for failing to comply with the jail booking procedures. The trial judge found Brauchler not guilty of probation violation six because the evidence showed that he has made efforts to pay. T. at 66.

**{¶24}** The trial judge found that Brauchler demonstrated and articulated his refusal to participate with drug screening and his abandonment of the objectives of community control. Id. at 68. Therefore, the trial judge sentenced Brauchler to eleven months in prison with two years of post-release control. Id. at 74.

*Assignment of Error*

**{¶25}** Brauchler raises one Assignment of Error,

**{¶26}** "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THE APPELLANT TO BE IN VIOLATION OF HIS COMMUNITY CONTROL."

**Standard of Review**

**{¶27}** "The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." *State v. Ohly*, 166 Ohio App.3d 808 (6th Dist. 2006), ¶ 19, *quoting State v. Bell*, 66 Ohio App.3d 52, 57 (5th Dist. 1990). "Because a community control revocation hearing is not a criminal trial, the state does not have to establish a violation with proof beyond a reasonable doubt." *State v. Wolfson*, 2004-Ohio-2750, ¶ 7 (4th Dist.); *see, also, State v. Payne*, 2002 WL 649403 (12th Dist. Apr. 22, 2002); *State v. Hylton*, 75 Ohio

App.3d 778, 782 (4th Dist. 1991). Instead, the state need only present "substantial" proof that a defendant willfully violated the community control conditions. *See Hylton*, 75 Ohio App.3d at 782. "The test ordinarily applied is highly deferential to the decision of the trial court and is akin to a preponderance of the evidence burden of proof. *See State v. Alderson*, 1999 WL 713594 (4[th] Dist. Aug. 31, 1999). Accordingly, the court's conclusion must be sustained if there is competent credible evidence to support it. Id." *State v. Hayes*, 2001 WL 909291 (6th Dist. Aug. 10, 2001). Additionally, the "[d]etermination of the credibility of the witnesses is for the trier of fact." *Ohly,* 2006-Ohio-2353, ¶ 19 (6th Dist.). *See also, State v. Brank*, 2007-Ohio-919 (5th Dist.) Once a trial court finds that a defendant violated community control conditions, it possesses discretion to revoke the defendant's community control. In that event, appellate courts should not reverse a trial court's decision unless it finds that the trial judge abused his discretion. *Wolfson*, 2004-Ohio-2750, ¶ 8.

{¶28} Thus, "the appropriate review in this matter is twofold. First, we review the record to determine whether there is some competent credible evidence to support the court's finding that [the defendant] violated the terms of probation or community control. If so, then we review the sanction under the more deferential abuse of discretion standard. *Johnson* at ¶ 13; *In the Matter of C.M.C.*, 4th Dist. Washington No. 09CA15, 2009–Ohio–4223, ¶ 17." *State v. Amos*, 2016-Ohio-917, ¶ 9 (4th Dist.).

{¶29} An abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence.

*Tennant v. Gallick*, 2014-Ohio-477, ¶ 35 (9th Dist.); *In re Guardianship of S.H.*, 2013-Ohio-4380, ¶ 9 (9th Dist.); *State v. Firouzmandi*, 2006-Ohio-5823, ¶ 54 (5th Dist.).

**{¶30}** Community control hearings are not subject to the rules of evidence. Evid.R. 101(C)(3); *State v. Motz*, 2020-Ohio-4356, ¶ 17 (12th Dist.). The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison*, 49 Ohio St.3d 182, *certiorari denied*, 498 U.S. 881 (1990). Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections which cannot be conveyed to us through the written record, *Miller v. Miller*, 37 Ohio St.3d 71(1988).

**Issue for Appellate Review**: *Whether the trial judge abused his discretion in finding that Brauchler violated his community control, and in imposing an eleven-month prison sentence for Brauchler's violation of community control*

**{¶31}** R.C. 2929.15(B)(1)(c) allows a trial court to impose a prison term if a defendant violates the conditions of his or her community control. However, a prison term for the violation of a community control sanction imposed for a fifth-degree felony offense shall not exceed ninety days if the violation was a technical violation. R.C. 2929.15(B)(1)(c)(i). Pursuant to R.C. 2929.15(E) a "technical violation" is statutorily defined,

> (E) As used in this section, "technical violation" means a violation of
>
> the conditions of a community control sanction imposed for a felony of the
>
> fifth degree, or for a felony of the fourth degree that is not an offense of

violence and is not a sexually oriented offense, and to which neither of the following applies:

(1) The violation consists of a new criminal offense that is a felony or that is a misdemeanor other than a minor misdemeanor, and the violation is committed while under the community control sanction.

(2) The violation consists of or includes the offender's articulated or demonstrated refusal to participate in the community control sanction imposed on the offender or any of its conditions, and the refusal demonstrates to the court that the offender has abandoned the objects of the community control sanction or condition.

**{¶32}** In the case at bar, the trial judge found Brauchler refusal to participate in the sanction of being subject to drug and alcohol testing to confirm he is not using, together with his attempt to put water in the drug screen is consistent with a demonstrated and articulable refusal to participate in the community control conditions imposed by the judge. T. at 68.

**{¶33}** The violations of community control found by the judge were drug-related violations of substantive rehabilitative requirements specifically tailored to address his drug use and reduce his likelihood of recidivism. We find the trial judge did not abuse his discretion in sentencing Brauchler to eleven months incarceration for violation of community control which were non-technical in nature. *State v. Breedlove,* 2020-Ohio-5285, ¶12 (5th Dist.); *State v. Demangone,* 2023-Ohio-2522, ¶15 (12th Dist.) (use of alcohol followed by his subsequent failure to report to the probation department for multiple appointments constitutes a nontechnical violation of his community control

conditions); *State v. Sandlin,* 2022-Ohio-570, ¶19; 25 (3rd Dist.) (trial court did not abuse its discretion by determining that Sandlin violated her community control for testing positive for methamphetamine even without being sent to a lab for confirmation).

**{¶34}** As Brauchler's violation of his community control was not a technical violation, the 90-day prison term limitation set forth in R.C. 2929.15(B)(1)(c)(i) was inapplicable. We find that the trial judge had the authority to impose the 11-month prison term, did not abuse his discretion by imposing the 11-month prison term, and the imposed sentence was not clearly and convincingly contrary to law.

**{¶35}** Brauchler's sole assignment of error is, therefore, overruled.

**{¶36}** The judgment of the Richland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Baldwin., J., concur

[Cite as *State v. Brauchler*, 2024-Ohio-2994.]