[Cite as *State v. Abrams*, 2025-Ohio-4458.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO<br><br> Plaintiff - Appellee<br><br>-vs-<br><br>CHANDLER ABRAMS<br><br>Defendant – Appellant | Case Nos. 25CA000001, 25CA000002, & 25CA000003<br><br><u>Opinion and Judgment Entry</u><br><br>Appeal from the Guernsey County Court of Common Pleas, Case Nos. 21-CR-213, 21-CR-343, & 24-CR-201<br><br>Judgment: Affirmed in part; Reversed in part; and Remanded in part<br><br>Date of Judgment Entry: September 24, 2025 |

BEFORE: William B. Hoffman, Andrew J. King, Robert G. Montgomery, Appellate Judges

**APPEARANCES:** Mark A. Perlaky, Assistant Guernsey County Prosecuting Attorney, for Plaintiff-Appellee; Christopher Bazeley, Esq., for Defendant-Appellant

OPINION

*Hoffman, P.J.*

{¶1} Defendant-appellant Chandler Abrams appeals the January 3, 2025 Negotiated Plea/Judgment of Conviction/Judgment Entry of Sentence entered by the Guernsey County Court of Common Pleas, which ordered the sentence imposed in Guernsey County Court of Common Pleas Case No. 24CR201 be served consecutively to the sentences imposed in Guernsey County Court of Common Pleas Case Nos. 21CR213 and 21CR343. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On July 1, 2021, a complaint was filed in the Cambridge Municipal Court, charging Appellant with one count of aggravated robbery, in violation of R.C. 2911.01(A)(3) and (C), a felony of the first degree (Count 1); one count of felonious assault, in violation of R.C. 2903.11(A)(1) and (D)(1)(a), a felony of the second degree (Count 2); and one count of robbery, in violation of R.C. 2911.02(A)(2) and (B), a felony of the second degree (Count 3). The matter was bound over to the Guernsey County Court of Common Pleas. On August 11, 2021, the Guernsey County Grand Jury indicted. Appellant on the aforementioned offenses in Guernsey County Court of Common Pleas Case No. 21CR213. Appellant failed to appear for arraignment and the trial court issued a warrant for his arrest. Appellant was arrested on the warrant and brought before the trial court for arraignment on October 8, 2021, at which time he entered a plea of not guilty to the charges.

---

[1] A Statement of the Facts underlying Appellant's convictions is not necessary to our disposition of this appeal.

{¶3} On October 12, 2021, a complaint was filed in the Cambridge Municipal Court, charging Appellant with one count of robbery, in violation of R.C. 2911.12(A)(2) and (D), a felony of the second degree. The matter was bound over to the Guernsey County Court of Common Pleas. On December 21, 2021, the Guernsey County Grand Jury indicted Appellant in Guernsey County Court of Common Pleas Case No. 21CR343 on one count of burglary, in violation of R.C. 2911.12(A)(2) and (D), a felony of the second degree (Count 1); one count of burglary, in violation of R.C. 2911.12(A)(3) and (D), a felony of the third degree (Count 2); one count of grand theft (firearm or dangerous ordinance), in violation of R.C. 2913.02(A)(1) and (B)(4), a felony of the third degree (Count 3); one count of receiving stolen property, in violation of R.C. 2913.51(A) and (C), a felony of the fourth degree (Count 4); one count of theft, in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fifth degree (Count 5); one count of receiving stolen property, in violation of R.C. 2913.51(A) and (C), a felony of the fifth degree (Count); one count of attempt to commit an offense (burglary), in violation of R.C. 2923.02(A) and (E)(1), a felony of the third degree (Count 7); two counts of conspiracy, in violation of R.C. 2923.01(A)(1) and (2) and (J)(2), felonies of the fourth degree (Counts 8 and 9); one count of petty theft, in violation of R.C. 2913.02(A)(1) and (B)(2), a misdemeanor of the first degree (Count 10); and one count of receiving stolen property, in violation of R.C. 2913.51(A), a misdemeanor of the first degree (Count 11). Appellant entered a plea of not guilty to the charges at his arraignment on January 6, 2022.

{¶4} On January 20, 2022, counsel for Appellant advised the trial court the parties had reached a negotiated plea in Case No. 21CR213. The trial court conducted a change of plea on March 28, 2022, at which Appellant withdrew his former plea of not

guilty and entered a plea of guilty to amended Count 3, aggravated robbery, in violation of R.C. 2923.02(A) and 2911.02(A)(2), a felony of the third degree. After conducting a Crim.R. 11 colloquy, the trial court accepted Appellant's plea and found him guilty. The trial court deferred sentencing pending a pre-sentence investigation. The State dismissed Counts 1 and 2.

{¶5} On April 5, 2022, the State advised the trial court the parties had reached a negotiated plea in Case No. 21CR343. The trial court conducted a change of plea hearing on April 13, 2022, at which time Appellant withdrew his former plea of not guilty and entered a plea of guilty to Count 4, receiving stolen property, in violation of R.C. 2913.51(A) and (C), a felony of the fourth degree; Count 6, receiving stolen property, in violation of R.C. 2913.51(A) and (C), a felony of the fifth degree; and Count 7, attempt to commit an offense (burglary), in violation of R.C. 2923.02(A) and (E)(1), a felony of the third degree. The trial court conducted a Crim.R. 11 colloquy with Appellant, accepted Appellant's plea, and found him guilty. Sentencing was deferred pending a pre-sentence investigation. The State dismissed the remaining eight (8) counts of the indictment.

{¶6} The trial court conducted a sentencing hearing in both cases on July 1, 2022. The trial court ordered Appellant "to serve up to 90 days in the Guernsey County Jail and to enter into, and successfully complete, up to a six-month period of incarceration in the Eastern Ohio Correction Center (EOCC)." July 11, 2022 Judgment Entry of Sentence at p. 4, unpaginated. The trial court also placed Appellant on community control for a period of three (3) years, which was to commence immediately following his successful completion of the Eastern Ohio Correction Center program. In Case No. 21CR213, the trial court reserved a nine (9) to thirty-six (36) month prison term on

Amended Count 3.  In Case No. 21CR343, the trial court reserved a six (6) to eighteen (18) month prison term on Count 4; six (6) to twelve (12) month prison term on Count 6; and nine (9) to thirty-six (36) month prison term on Count 7.

{¶7}  On November 20, 2024, the State filed a motion to revoke community control sanctions and notice of alleged violations in Case Nos. 21CR213 and 21CR343. The trial court conducted a probable cause hearing on November 25, 2024, found probable cause existed, and ordered Appellant held without bond.  The trial court scheduled a revocation hearing for December 30, 2024.

{¶8}  On December 13, 2024, the State filed a bill of information, charging Appellant with two counts of domestic violence, in violation of R.C. 2919.25(A) and (D)(5), felonies of the fifth degree; and one count of assault, in violation of R.C. 2903.13(A) and (C), a misdemeanor of the first degree, in Guernsey County Court of Common Pleas Case No. 24CR201. After the parties advised the trial court they had reached a negotiated plea, the trial court scheduled a negotiate plea and sentencing hearing in Case No. 24CR201 and a revocation hearing in Case Nos. 21CR213 and 21CR343 for December 30, 2024.

{¶9}  Appellant appeared before the trial court on December 30, 2024, and, pursuant to the terms of the negotiated plea, executed a written waiver of indictment and entered a plea of guilty to the bill of information in Case No. 24CR201. After conducting a Crim.R. 11 colloquy with Appellant, the trial court accepted his plea and found him guilty. The trial court immediately proceeded to sentencing. The trial court found merger did not apply to the two (2) counts of domestic violence (Counts 1 and 2)[2] and sentenced Appellant to two (2) mandatory (11) month prison terms on Counts 1 and 2, and 180 days

---

[2] Although the victim in both counts of domestic violence was the same individual, i.e, Kennedy L. Rose, the counts involved separate incidents.

in the Guernsey County Jail on Count 3, assault. The trial court ordered the sentences imposed on Counts 1 and 2 be served consecutively to each other, but concurrently with the sentence imposed on Count 3, for an aggregate prison term of 22 months. The trial court further ordered the 22-month sentence in Case No. 24CR201 be served consecutively to the 76-month sentence imposed in Case Nos. 21CR213 and 21CR343, for a total aggregate sentence of 98 months. The trial court memorialized Appellant's convictions and sentence via Negotiated Plea/Judgment of Conviction/Judgment Entry of Sentence issued January 3, 2025.

{¶10} On December 30, 2024, the trial court also conducted an evidentiary hearing on the State's motion to revoke community control sanctions. Appellant admitted he violated the terms and conditions of his community control sanctions. The trial court found Appellant was no longer amendable to available community control sanctions and granted the State's motion. The trial court sentenced Appellant to an aggregate prison term of 76 months in Case Nos. 21CR213 and 21CR343, and ordered the sentence to be served consecutively to the sentence imposed in Case No. 24CR201. The trial court memorialized the revocation of Appellant's community control sanctions and his sentence via Judgment Entry/Community Control Sanctions Revoked/Unsuccessfully Terminated and/or Prison Imposed also filed January 3, 2025.

{¶11} It is from the January 3, 2025 Negotiated Plea/Judgment of Conviction/Judgment Entry of Sentence Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED WHEN IT ORDERED ABRAMS' SENTENCES FOR VIOLATION OF COMMUNITY CONTROL TO BE SERVED CONSECUTIVELY TO HIS DOMESTIC VIOLENCE SENTENCES.

II. THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE HIS CONVICTIONS FOR ASSAULT WITH ONE CONVICTION FOR DOMESTIC VIOLENCE.

I

{¶12} In his first assignment of error, Appellant contends the trial court erred in ordering the reserved sentences in Case Nos. 21CR213 and 21CR343 be served consecutively to the sentence imposed in Case No. 24CR201. Specifically, Appellant asserts the trial court's imposition of consecutive sentences was contrary to law because the court failed to advise him at the original sentencing hearing in Case Nos. 21CR213 and 21CR3430 of the possibility of consecutive sentences for violating the terms of his community control.  We agree.

{¶13} In support of his position, Appellant relies upon *State v. Jones*, 2022-Ohio-4485, in which the Ohio Supreme Court held "a trial court may not impose a consecutive prison sentence on revocation if it did not previously notify the offender that the reserved prison term (whether the notice is of a "specific prison term" under the former version of R.C. 2929.19(B)(4) or a "range of prison terms" under the current version of R.C. 2929.19(B)(4)) could be imposed as a consecutive sentence." *Id*. at ¶ 17.

**{¶14}** The State argues, and the trial court agreed, *Jones* does not apply retroactively. We disagree.

**{¶15}** In Ohio, "a decision of the Supreme Court interpreting a statute is retrospective in its operation, because it is a declaration of what is and always was the correct meaning or effect of the enactment." *Peerless Electric Co. v. Bowers*, 164 Ohio St. 209, 210 (1955). "This general rule has been applied in cases where the Supreme Court is not overruling one of its former decisions but interpreting a statute." *Day v. Hissa*, 97 Ohio App. 3d 286, 287 (8th Dist. 1994). "However, an Ohio court has discretion to apply its decision only prospectively after weighing the following considerations: (1) whether the decision establishes a new principle of law that was not foreshadowed in prior decisions; (2) whether retroactive application of the decision promotes or retards the purpose behind the rule defined in the decision; and (3) whether retroactive application of the decision causes an inequitable result." *DiCenzo v. A-Best Prods. Co.*, 2008-Ohio-5327, ¶ 25. Further, "prospective-only application is justified only under exceptional circumstances." *Id.* at ¶ 28.

**{¶16}** In this case, a weighing of the *DiCenzo* factors does not support a deviation from the general rule of retrospective application.

**{¶17}** With respect to the first factor, the decision in *Jones* was "clearly foreshadowed." *Jones* was before the Ohio Supreme Court "as a discretionary appeal and certified-conflict question involving criminal-sentencing law." *Jones*, 2022-Ohio-4485 at ¶ 1. Three appellate districts, including our own, had reached different decisions on the question of "whether at the time a court imposes community control, it must notify the offender that a consecutive sentence is a possibility on revocation of community control

in order for the court to have the authority, on revocation, to require that the reserved prison term be served consecutively with another prison sentence." *Id.* at ¶ 11.

**{¶18}** Turning to the second factor, we find the retroactive application of *Jones* would promote the purpose of the criminal sentencing statutes relative to community control sanctions and consecutive sentences. In reaching an affirmative answer to the certified question, the *Jones* Court noted, while "there [was] no explicit statutory requirement that a trial court include a notification about the concurrent or consecutive nature of a reserved prison term when it notifies an offender sentenced to community control of the length of the reserved prison term[,] * * * contextual statutory considerations suggest that a lack of such notice implies that the reserved prison term will be concurrent." *Id.* at ¶ 16.

**{¶19}** The *Jones* Court began with the statutory presumption multiple prison terms are to be served concurrently. R.C. 2929.41(A). The Court then analyzed the former and current versions of R.C. 2929.19(B)(4), which require a trial court to notify an offender of the "specific prison term" (former version) or range of prison terms (current version) to be imposed and when sentencing the offender after revocation. The Court also analyzed the former and current versions of R.C. 2929.15(B)(3), which prohibit the trial court from exceeding the length of a reserved prison term (former version) or range of prison terms (current version) previously specified for an offender who violates community control. The Court concluded contextual statutory considerations "suggest that in the absence of notice to an offender that a reserved prison term may be consecutive, a concurrent term should be presumed, in accordance with R.C. 2929.41(A)." *Id.* Thus, the purpose of the criminal sentencing statutes is promoted by the *Jones* decision.

{¶20} Finally, the third *DiCenzo* factor, regarding whether retroactive application of the decision would cause an inequitable result, also weighs in favor of applying *Jones* retroactively. Applying *Jones* retroactively ensures a criminal defendant who is placed on community control knows the range of the prison term the trial court could impose upon revocation of his community control sanctions. A prospective application only would result in current offenders having this knowledge while other offenders are left wondering.

{¶21} Upon review of the transcript of Appellant's 2022 sentencing hearing in Case Nos. 21CR213 and 21CR343, we find the trial court failed to advise Appellant he could be ordered to serve the reserved prison terms in those cases consecutively to any other sentences. Because the trial court did not properly notify Appellant his reserved sentences could be imposed consecutively, we sustain his first assignment of error. Appellant's sentence is vacated, and the case is remanded for the trial court to impose a sentence in accordance with this Opinion and *Jones*.

II

{¶22} In his second assignment of error, Appellant argues the trial court erred in failing to merge his conviction for assault (Count 3) with his convictions for domestic violence involving a pregnant victim (Counts 1 and 2). Specifically, Appellant maintains because his convictions for assault on a pregnant woman and domestic violence against a pregnant woman involved the same victim and were not separate acts, the convictions were allied offenses of similar import and should have merged.

{¶23} Appellant did not raise an allied offense issue relative to the assault charge and domestic violence charges; therefore, he has waived all but plain error. Under Crim.R. 52(B), appellate courts have discretion to correct "[p]lain errors or defects

affecting substantial rights notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *State v. Rogers*, 2015-Ohio-2459, ¶ 22. To prevail under a plain-error analysis, the appellant bears the burden of demonstrating the trial court "deviated from a legal rule," or there was "an 'obvious' defect in the proceedings" that resulted in prejudice, i.e., the outcome of the proceedings would have been different. *Id.* at ¶ 17-22. Courts must notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at ¶ 23.

**{¶24}** R.C. 2941.25, Ohio's merger statute, provides, in relevant part:

Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his [or her] conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶25}** "In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors — the conduct, the animus, and the import." *State v. Ruff*, 2015-Ohio-995, paragraph one of the syllabus.

If any of the following are true, a defendant's convictions do not merge and he or she may be sentenced for multiple offenses: "(1) the offenses are dissimilar in import or significance — in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *Id.* at ¶ 25.

{¶26} Appellant was convicted of two counts of domestic violence, in violation of R.C. 2919.25(A) and (D)(5), which provides:

> (A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
>
> * * *
>
> (D)(5) (5) Except as otherwise provided in division (D)(3) or (4) of this section, if the offender knew that the victim of the violation was pregnant at the time of the violation, a violation of division (A) or (B) of this section is a felony of the fifth degree, and the court shall impose a mandatory prison term on the offender pursuant to division (D)(6) of this section * * *.

{¶27} Appellant was also convicted of assault, in violation of R.C. 2913.03(A), which provides:

> (A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.

**{¶28}** The victim of the domestic violence offenses was Kennedy L. Rose. With respect to the assault charge, the indictment expressly alleged Appellant "did knowingly cause or attempt to cause physical harm to Kennedy L. Rose's unborn." Thus, the offenses were committed against two victims. "Generally, where a defendant commits a crime against two victims, each offense is necessarily committed with a separate animus." (Citation omitted.) *State v. Scott*, 2013-Ohio-5875, ¶ 27 (5th Dist.).

**{¶29}** The assault and domestic violence offenses were committed with a separate animus; therefore, were not allied offenses of similar import. Accordingly, we find no plain error in the trial court's failure to merge the assault conviction with the domestic violence convictions.

**{¶30}** For the reasons stated in our accompanying Opinion, the judgment of the Guernsey County Court of Common Pleas is affirmed in part and reversed in part and the matter remanded to the trial court for further proceedings consistent with this Opinion and the law. Costs assessed to Appellant.

By: Hoffman, P.J.

King, J. and

Montgomery, J. concur