[Cite as *State v. Krouse*, 2026-Ohio-409.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

v.

DUSTIN T. KROUSE,

      DEFENDANT-APPELLANT.

CASE NO. 14-25-33

OPINION AND
JUDGMENT ENTRY

---

**Appeal from Union County Common Pleas Court**
**Trial Court No. 19 CR 283**

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision:  February 9, 2026**

---

**APPEARANCES:**

    *Alison Boggs* **for Appellant**

    *Andrew M. Bigler* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Dustin Krouse ("Krouse") brings this appeal from the judgment of the Court of Common Pleas of Union County sentencing him to a prison term for violation of his community control sanctions. On appeal Krouse claims that the trial court erred by imposing a twelve month prison term for the violation. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} On April 13, 2021, Krouse entered a guilty plea to one count of theft in violation of R.C. 2913.02(A)(1), (B)(2), a felony of the fifth degree. The trial court sentenced Krouse to five years of community control and reserved a twelve month prison sentence. One of the terms of community control was that Krouse would not violate any laws of the State of Ohio. On June 11, 2025, Krouse was found guilty of aggravated theft in Logan County Ohio. A notice of violation was filed on June 25, 2025, as a result.

{¶3} On July 11, 2025, a hearing on the alleged violation was held. At the hearing, Krouse admitted that he had failed to report police contact and that he had been found guilty of a felony theft offense resulting from that contact. The trial court found that Krouse had violated the terms of his community control. A sentencing hearing was held on July 15, 2025, for the violations. The trial court ordered Krouse to serve twelve months in prison for the violation and ordered that

the sentence run consecutive to the sentence imposed in the Logan County case. Krouse appealed from this judgment and on appeal raised the following assignments of error.

**First Assignment of Error**

**The trial court's decision to impose twelve months in prison for a community control violation on a felony of the fifth degree is contrary to law.**

**Second Assignment of Error**

**The trial court's decision to impose prison time for a community control violation is an abuse of discretion.**

{¶4} In the first assignment of error, Krouse argues that the trial court erred in imposing the reserved twelve month prison sentence because it is prohibited by R.C. 2929.15(B)(1)(c)(i). This statute does limit the amount of time that can be imposed for a community control violation, but only if the violation is a technical violation.

> (B)(1) Except as provided in division (B)(2) of this section, if the conditions of a community control sanction imposed for a felony are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose on the violator one or more of the following penalties:
>
> . . .
>
> (c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and Division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations and rules, as applicable:

> (i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree, the prison term shall not exceed ninety days, provided that if the remaining period of community control at the time of the violation or the remaining period of the reserved prison sentence at that time is less than ninety days, the prison term shall not exceed the length of the remaining period of the reserved prison sentence.

R.C. 2929.15(B)(1)(c)(i). The term "technical violation" is later defined in the statute and states in relevant part as follows.

> (E) As used in this section, "technical violation" means a violation of the conditions of a community control sanction imposed for a felony of the fifth degree . . . and to which neither of the following applies:
>
> (1) The violation consists of a new criminal offense that is a felony or that is a misdemeanor other than a minor misdemeanor, and the violation is committed while under the community control sanction.

R.C. 2929.15(E)(1).

{¶5} Here, the violation which Krouse admitted to committing was failing to report a police contact and a conviction for a new criminal felony offense. If the violation had merely been the failure to report police contact, then the argument that the violation was a technical violation might have merit. Krouse, though, was convicted of a new third degree felony theft charge in another county. By definition this is not a technical violation. Thus, the statutory restriction on the length of the prison term does not apply. The trial court had previously reserved a twelve month prison term for violations of community control. Therefore, the trial court did not err in imposing the twelve month prison term for the violation. The first assignment of error is overruled.

{¶6} Krouse argues in the second assignment of error that the trial court abused its discretion in imposing the prison term for the violation of the community control sanctions. The sentence imposed for a violation of community control sanctions is reviewed under an abuse of discretion standard. *State v. Brauchler*, 2024-Ohio-2994, ¶ 28 (5th Dist.). "An abuse of discretion exists where the reasons given by the court for its actions are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reached an end or purpose not justified by reason and the evidence." *Id*. at ¶ 29.

{¶7} Krouse argues that the trial court erred by considering the pre-sentence investigation report ("PSI") out of Logan County when forming the sentence when it did not have that information before it when it originally sentenced Krouse to community control. However Krause provides no legal support as to why considering Krouse's past criminal history is an abuse of discretion.[1] Pursuant to R.C. 2929.12, the trial court is required to consider the defendant's criminal history when determining the appropriate sentence. R.C. 2929.12(D).

{¶8} Although the trial court did not abuse its discretion in imposing the reserved 12 month prison term for violation of community control sanctions, the trial court did abuse its discretion in ordering that the sentence be served consecutively. In its original sentence of Krouse, the trial court advised him that he

---

[1] At the time Krouse was sentenced to community control, both Krouse and the State waived a PSI. Thus Krouse's criminal history was not previously before the trial court.

could be ordered to serve a 12 month prison term. However, the trial court did not notify Krouse that the sentence could be ordered to be served consecutive to any other sentence. The Supreme Court of Ohio has addressed this issue in *State v. Jones*, 2022-Ohio-4485, and held that the trial court must give notice of possible consecutive sentences at the time the sentence is reserved. [2]

> "[W]hen a court revokes community control, it may require that the reserved prison term be served consecutively to any other sentence then existing or then imposed but only if at the time it imposed community control, it notified the offender that a consecutive sentence on revocation of community control was a possibility. This does not mean that a trial court must notify an offender of the possibility of consecutive sentences in every instance, but that in any case in which it does not provide such notice, imposing a consecutive sentence is not available to that court if community control is later revoked. Thus, if an offender who is on community control is convicted and sentenced to prison for a new offense, the revocation proceeding in the original case may not result in a prison sentence that runs consecutively to the new prison sentence if no mention of consecutive sentences was made as part of the original sentence for community control.

*Id*. at ¶ 2. The Court went on to say that if the trial court wishes to retain the option of later imposing a consecutive sentence if a violation of community control sanctions is found, it *must* give notice of such when the sentence is reserved. *Id*. at ¶ 15. "Absent such prior notice the reserved prison sentence must be imposed to run concurrently with the existing prison term." *Id*. at ¶ 17. The imposition of

---

[2] As this matter was not raised by either party, the parties were ordered to submit supplemental briefs on the issue. In its supplemental brief, the State concedes that the facts in *Jones* are essentially identical to those in this case. The State also concedes that *Jones* is controlling authority in this case, but argues that it was wrongly decided by the Supreme Court of Ohio. That determination is not one this Court has the authority to make.

consecutive sentences in this situation without the prior notice is an abuse of the trial court's discretion. *Id.* at ¶ 18.

{¶9} Here, the trial court did not notify Krouse that his sentence could be ordered to be served consecutive to any other prison term. Additionally, a review of the plea agreement merely advises Krouse that if he violates the terms of his community control sanctions, he could be sent "to prison for the stated prison term." No mention of consecutive sentences appears. As in *Jones*, the record contains no indication that Krouse was advised that any violation might result in the reserved prison term being ordered to be served consecutive to another sentence. Without the prior notification, the *Jones* holding requires the trial court to impose the reserved sentence concurrently to other sentences. The failure to do so is an abuse of its discretion. For this reason, the second assignment of error is sustained.

{¶10} Having found error prejudicial to appellant in the particulars assigned and argued, the judgment is affirmed as to the first assignment of error and reversed as to the second assignment of error. The matter is remanded for further proceedings in accord with this opinion.

***Judgment Affirmed in Part,***
***Reversed in Part,***
***Cause Remanded***

**ZIMMERMAN, P.J. and WALDICK, J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, it is the judgment and order of this Court that the judgment of the trial court is affirmed in part and reversed in part with costs assessed equally between Appellant and Appellee for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  *See* App.R. 30.


John R. Willamowski, Judge


William R. Zimmerman, Judge


Juergen A. Waldick, Judge

DATED:
/hls