[Cite as *State v. Rugg*, 2026-Ohio-1010.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. CT2025-0096 |
| Plaintiff – Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2024-0790 |
| JORDAN RUGG | |
| Defendant – Appellant | Judgment:  Vacated and Remanded |
| | Date of Judgment Entry:March 24, 2026 |

**BEFORE:**  CRAIG R. BALDWIN, P.J., ROBERT G. MONTGOMERY, KEVIN W. POPHAM, J.;  Appellate Judges

**APPEARANCES:** RON WELCH, JOSEPH PALMER for Plaintiff-Appellee; SAMUEL H. SHAMANSKY, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}    Defendant-Appellant Jordan Rugg ("Rugg") appeals the August 25, 2025, judgment entry of the Muskingum County Court of Common Pleas revoking his community control and imposing consecutive prison terms.

**Facts and Procedural History**

{¶2}    On December 18, 2024, a Muskingum County Grand Jury indicted Rugg on one count of vandalism, a fifth-degree felony in violation of R.C. 2909.05(B)(1)/(E); one count of tampering with evidence, a third-degree felony in violation of R.C.

2921.12(A)(1)/(B); and one count of theft, a first-degree misdemeanor in violation of R.C. 2913.02(A)(1)/(B)(2).

{¶3} On March 10, 2025, following a written plea agreement, Rugg entered pleas of guilty to the charges. The trial court accepted the pleas and deferred sentencing pending completion of a presentence investigation report ("PSI").

{¶4} On April 28, 2025, the trial court imposed a three-year term of community control subject to various conditions. Specifically, when imposing the three-year period of community control, the trial court advised Rugg as follows,

> I am going to reserve as your sentence on community control the maximum for each of these counts, which is 12 months on Count 1, 36 months on Count 2, and 180 days on Count 3.
>
> Should you fail to follow the rules and regulations, you could be brought back before this Court where the Court could impose more severe sanctions of community control or sentence you to prison for the time I just reserved.

(Sent. Transcript, Apr. 28, 2025, at 20).

{¶5} On August 18, 2025, the State filed a notice of community control violations. The trial court conducted a violation hearing on August 20, 2025. Rugg admitted the violations. (Violation Hearing Transcript ["VT."] at 4-5.) The State presented testimony from the chief probation officer for Muskingum County regarding Rugg's noncompliance with the terms of supervision. (VT. at 6-14).

{¶6} Based upon Rugg's admissions and the testimony presented, the trial court revoked community control. Specifically, the court noted,

I am going to revoke your community control. I'm going to sentence you - - I reserved 12 months on Count 1, 36 months on Count 2, and 180 days on Count 3.

...

So on Count 1 I'm going to sentence you to 12 months in prison.

On Count 2 I'm going to sentence you to 36 months in prison.

On Count 3 I'm going to sentence you to 180 days of local incarceration.

(VT. at 19, 21). After making findings pursuant to R.C. 2929.14(C)(4), the court ordered the terms on Counts One and Two to be served consecutively, with Count Three to run concurrently. (*Id.* at 21-22).

**Assignment of Error**

{¶7}    Rugg raises one assignment of error:

{¶8}    "I. THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO A CONSECUTIVE TERM OF INCARCERATION UPON REVOCATION OF HIS COMMUNITY CONTROL IN THE ABSENCE OF ANY NOTICE DURING HIS ORIGINAL SENTENCING HEARING THAT SUCH A SANCTION MIGHT BE IMPOSED."

**Analysis**

{¶9}    In his sole assignment of error, Rugg argues the trial court's imposition of consecutive sentences upon revocation of community control was contrary to law because, at the original sentencing hearing, the court did not advise him that the reserved prison terms could be ordered to run consecutively.

{¶10}    Rugg relies upon *State v. Jones*, 2022-Ohio-4485, in which the Supreme Court of Ohio held that "a trial court may not impose a consecutive prison sentence on

revocation if it did not previously notify the offender that the reserved prison term (whether the notice is of a 'specific prison term' under the former version of R.C. 2929.19(B)(4) or a 'range of prison terms' under the current version of R.C. 2929.19(B)(4)) could be imposed as a consecutive sentence." *Id.* at ¶ 17.

{¶11} The State concedes error and agrees that the sentence must be reversed, and the matter remanded for resentencing. (Appellee's Brief at 2).

**Notice Requirement Under R.C. 2929.19(B)(4)**

{¶12} When imposing community control, a trial court must notify the offender that, if the conditions are violated, the court may impose a prison term and "shall indicate the range from which the prison term may be imposed as a sanction for the violation." R.C. 2929.19(B)(4).

{¶13} In *Jones*, the Supreme Court clarified that this notice requirement includes advising the offender that any reserved prison term may be ordered to run consecutively upon revocation. 2022-Ohio-4485 at ¶ 11. Because multiple prison terms are presumed to run concurrently under R.C. 2929.41(A), and because consecutive sentences require specific findings under R.C. 2929.14(C)(4), an offender must be notified at the time community control is imposed that consecutive service is a potential sanction. *Jones* at ¶ 12.

{¶14} The Court further explained that the reserved prison term announced at sentencing is a not-yet-imposed potential future sentence. *Jones* at ¶ 12*,* citing *State v. Howard*, 2020-Ohio-3195, ¶ 25. Accordingly, a trial court need not make consecutive-sentence findings when imposing community control; however, it must give advance notice if it later intends to impose the reserved terms consecutively. *Jones* at ¶ 17.

{¶15} Ohio appellate courts have consistently applied *Jones* to vacate consecutive sentences imposed upon revocation when no such notice was given. *See, e.g., State v. Abrams*, 2025-Ohio-4458, ¶ 21 (5th Dist.); *State v. King*, 2025-Ohio-1762, ¶¶ 9-10 (2d Dist.); *State v. Krouse*, 2026-Ohio-409, ¶ 9 (3d Dist.); *State v. Whitting*, 2025 Ohio App. LEXIS 2115, *3-4 (1st Dist. June 20, 2025).

{¶16} Under the doctrine of *stare decisis*, this Court is bound to follow controlling precedent of the majority of the Supreme Court of Ohio. The doctrine promotes stability and predictability in the law by requiring courts to adhere to prior decisions when the same legal issue is presented. *Westfield Ins. Co. v. Galatis*, 2003-Ohio-5849, ¶ 1; *Clark v. Snapper Power Equip., Inc.*, 21 Ohio St.3d 58, 60 (1986). The Constitution does not grant to a court of common pleas or to a court of appeals jurisdiction to reverse or vacate a decision made by a superior court. *See, State ex rel. Cordray v. Marshall*, 2009-Ohio-4986, ¶32; *State, ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32 (1979); R.C. 2305.01. Unless "anarchy [is] to prevail within [our] judicial system, a precedent of [a higher court] must be followed by the lower [] courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982). *See also State v. Hess*, 2024-Ohio-2842, ¶ 21 (5th Dist.); *State v. Hamon,* 2015-Ohio-887, ¶ 24 (5th Dist.).

**Application**

{¶17} Upon review of the transcript of Rugg's April 28, 2025, sentencing hearing, we find no advisement that the reserved prison terms could be imposed consecutively in the event of a community control violation.

{¶18} Because the trial court failed to provide the notice required by R.C. 2929.19(B)(4) and *Jones*, it lacked authority to order the reserved prison terms to be served consecutively upon revocation.

**Disposition**

{¶19}   Rugg's sole assignment of error is sustained.

{¶20}   For the reasons stated in our Opinion, the judgment of the Muskingum County Court of Common Pleas of Muskingum County, Ohio is vacated as to the imposition of consecutive sentences. This case is remanded to the trial court for resentencing consistent with this Opinion and the Supreme Court of Ohio's decision in *State v. Jones*, 2022-Ohio-4485. *See also Abrams*, 2025-Ohio-4458 at ¶ 21.

{¶21}   Costs to be paid by the appellee, the State of Ohio.

By: Popham, J.

Baldwin, P.J. and

Montgomery, J., concur